# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ABDI HAJIFARAH & KALI HIRAD d/b/a/ AFRICAN STORE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Docket no. 2:09-cv-653-GZS ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

## PROCEDURAL ORDER

On December 30, 2009, Plaintiffs filed a complaint pursuant to 7 U.S.C. § 2023 challenging the decision of the United States Department of Agriculture, Food and Nutrition Service ("USDA"), whereby Plaintiffs were permanently disqualified from participating in the Supplemental Nutrition Assistance Program ("SNAP" or "Food Stamp Program"). (Compl. (Docket # 1).) See 7 U.S.C. § 2023(a)(13) (a store participating in SNAP that "feels aggrieved" by a final agency determination "may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business"). In the Trial Briefs submitted to this Court, the parties disagree as to which party bears the burden of proof in the upcoming trial. (See Def.'s Trial Br. (Docket # 27) at 9-10; Pls.' Trial Br. (Docket # 28) at 2-5.). In order to allow the parties to prepare for trial, the Court enters this Procedural Order to clarify the issue.

There is no dispute that the Court is to conduct "a trial de novo" to "determine the validity" of the USDA's determination that Plaintiffs engaged in trafficking, as defined by 7 C.F.R. § 271.2. See 7 U.S.C. § 2023(a)(15); see also, e.g., Affum v. United States, 566 F.3d 1150, 1160 (D.C. Cir. 2009). Overwhelming case law indicates that Plaintiffs, as the party

challenging the administrative action, have the burden of proving by a preponderance of the evidence that the agency's final determination is invalid because the alleged violations did not occur. See, e.g., Fells v. United States, No. 08-C-782, 2010 WL 55844, at *5 (E.D. Wis. Jan. 5, 2010) ("[F]rom this court's research, it appears that all courts that have directly addressed this issue have determined that the plaintiff bears the burden of persuasion."); id. at *3- *4 (collecting cases concluding that the burden of proof lies with the plaintiff).[1] Plaintiffs have not identified any case where a court reached a contrary conclusion. Thus, the Court, following the cases cited herein, places the burden of proof on Plaintiffs. In accordance with standard federal court procedure, Plaintiffs will be required to proceed first and present evidence that supports their claim that the administrative action in issue is invalid.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 3rd day of December, 2010.

---

[1] See also, e.g., Kim v. United States, 121 F.3d 1269, 1272 (9th Cir. 1997) ("The burden is placed upon the store owner to prove by a preponderance of the evidence that the violations did not occur."); Haynes v. U.S. Dep't of Agric., Food & Nutr. Serv., 106 F.3d 405 (Table), 1997 WL 31600, at *1 (8th Cir. Jan. 29, 1997) ("The Fifth Circuit has determined that aggrieved store owners bear the burden of proof in section 2023(a) challenges. … We find [the Fifth Circuit's] reasoning persuasive.") (citing Redmond v. United States, 507 F.2d 1007, 1011-12 (5th Cir. 1975) ("By rejecting the substantial evidence standard of review in the Food Stamp Program and permitting a trial de novo, Congress intended nothing more than that the district court would not be bound by the administrative record. But by requiring the aggrieved store to file a complaint in the district court requesting the court to set aside the agency determination, the Act casts the burden of being the plaintiff on the aggrieved store with all of the usual responsibilities of a plaintiff in obtaining relief from a court, including the burden of proving facts to show that he is entitled to relief.")); Warren v. United States, 932 F.2d 582, 586 (6th Cir. 1991) ("The burden of proof in the judicial review proceeding is upon the aggrieved store to establish the invalidity of the administrative action by a preponderance of the evidence.") (citing Goodman v. United States, 518 F.2d 505, 507 (5th Cir. 1975)); Plaid Pantry Stores, Inc. v. United States, 799 F.2d 560, 563 (9th Cir. 1986) ("Plaintiff has the burden of establishing by a preponderance of the evidence that the disqualification was factually wrong.") (citing Han v. Food & Nutr. Serv. of U.S. Dep't of Agric., 580 F. Supp. 1564, 1567 (D.N.J. 1984)); Ramirez v. United States, 514 F. Supp. 759, 763 (D.P.R. 1981) ("In considering the factual basis of the administrative determination, the Court must consider the wholesaler's evidence, as well as the Government's evidence, and the burden is on the plaintiff to prove, by a preponderance of the evidence, that the agency's factual determination is incorrect."). Cf. Mass. Dep't of Pub. Welfare v. Sec'y of Agric., 984 F.2d 514, 521 (1st Cir. 1993) ("The power of plenary judicial review does not obviate the devoir of persuasion in a food stamp case in which a plaintiff challenges the validity of the regulatory mosaic. To carry its burden, the plaintiff must still show that the federal agency exceeded its statutory or constitutional authority.") (internal citation omitted).